[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY. {¶ 1} This appeal is considered on the accelerated calendar under App. R. 11.1(E) and Loc. R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct. R.Rep.Op. 3(A).
 {¶ 2} Defendant-appellant, Martin Trondle, appeals the judgment of the Hamilton County Court of Common Pleas sentencing him to a term of twelve months' incarceration for theft, a felony of the fourth degree as charged. Trondle was convicted of the offense after he entered a plea of no contest. The record discloses that Trondle had stolen between $20,000 and $70,000 worth of property from his employer.
 {¶ 3} In his sole assignment of error, Trondle argues that the trial court erred when it imposed a twelve-month prison sentence, because the record did not support the sentence. To impose a sentence of imprisonment for a fourth- or fifth-degree felony, the trial court must find that one of the factors set forth in R.C. 2929.13(B)(1) applies, must consider the factors set forth in R.C. 2929.12, and must find that a prison term is consistent with the sentencing principles of R.C. 2929.11
and that the offender is not amenable to an available community-control sanction.[1]
 {¶ 4} In the case at bar, the trial court found, pursuant to R.C. 2929.13(B)(1)(g), that Trondle had served two previous prison terms. Trondle does not challenge that finding. Rather, he contends that the record did not support the trial court's findings under R.C. 2929.12(B). Specifically, he contests the court's findings that the victim had suffered serious economic harm; that Trondle's occupation or profession was used to facilitate the offense; that Trondle's relationship to the victim had facilitated the offense; and that Trondle had committed the offense as a part of an organized criminal activity.
 {¶ 5} The assignment is unpersuasive. A trial court need not use specific language or make specific findings on the record to evince that it has considered the applicable seriousness and recidivism factors set forth in R.C. 2929.12.[2] A trial court may therefore satisfy its duty under R.C. 2929.12 "with nothing more than a rote recitation that [it] ha[s] considered" the applicable factors.[3] In any event, there was some evidence in the case at bar that the loss of between $20,000 and $70,000 worth of property constituted serious economic harm to the victim. That finding alone was sufficient to support the imposition of a prison term. The assignment of error is overruled, and the judgment of the trial court is affirmed.
 {¶ 6} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App. R. 27. Costs shall be taxed under App. R. 24.
Hildebrandt, P.J., Painter and Winkler, JJ.
[1] R.C. 2929.13(B)(2)(a).
[2] See State v. Arnett, 88 Ohio St.3d 208, 215, 2000-Ohio-302,724 N.E.2d 793
[3] Id.